1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

WADE K. MARLER, DDS, individually and on behalf of all others similarly situated,

10

                       Plaintiff,

11

   v.

12

ASPEN AMERICAN INSURANCE COMPANY,

13
14

                       Defendant.

No.

COMPLAINT—CLASS ACTION

JURY DEMAND

15

16

**I.     INTRODUCTION**

17

       Plaintiff, WADE K. MARLER, DDS ("Marler"), individually and on behalf of all other

18

similarly situated members of the defined national class (the "Class Members"), by and through

19

the undersigned attorneys, brings this class action against Aspen American Insurance Company

20

("Aspen" or "Defendant") and alleges as follows based on personal knowledge and information

21
22

and belief:

23

**II.     JURISDICTION AND VENUE**

24

      1.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness

25

Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship

26

from Defendant, there are 100 or more Class members nationwide, and the aggregate amount in

COMPLAINT—CLASS ACTION - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

3.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Covington, WA, King County. This action is therefore appropriately filed in the Seattle Division because a substantial portion of the events giving rise to this lawsuit arose in King County.

### III.      PARTIES

4.      Plaintiff WADE K. MARLER, DDS, operates a family dentistry practice located at 17203 SE 270th Pl., Covington, WA 98502.

5.      Defendant Aspen American Insurance Company is an insurance carrier incorporated and domiciled in the State of Texas, with its principal place of business in Rocky Hill, Connecticut.

### IV.      NATURE OF THE CASE

6.      Due to COVID-19 and a state-ordered mandated closure, Plaintiff cannot provide dentistry services. Plaintiff intended to rely on his business insurance to keep his business as a going concern. This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

COMPLAINT—CLASS ACTION - 2

7.      Defendant Aspen issued one or more insurance policies to Plaintiff, including Building, Blanket Dental Practice Personal Property and Income Coverage Part and related endorsements, insuring Plaintiff's property and business practice and other coverages, with effective dates of September 19, 2019 to September 19, 2020.

8.      Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of dentistry and other business activities.

9.      Defendant Aspen's insurance policy issued to Plaintiff promises to pay Plaintiff for "ALL RISK OF DIRECT PHYSICAL LOSS" to covered property and includes coverage for risks of both "loss of or damage to" covered property.

10.     Defendant Aspen's policy issued to Plaintiff includes Practice Income Coverage, Extra Expense Coverage, Extended Practice Income Coverage and Civil Authority Coverage.

11.     Plaintiff paid all premiums for the coverage when due.

12.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

13.     In light of this pandemic, Washington Governor Jay Inslee issued certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions. Among other things, Governor Inslee's "Stay Home, Stay Healthy" order required the closure of all non-essential businesses, including Plaintiff's dental practice.

14.     By order of Governor Inslee, dentists including Plaintiff were prohibited from practicing dentistry but for urgent and emergency procedures.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

15.    Plaintiff's property sustained direct physical loss and/or damages related to COVID19 and/or the proclamations and orders.

16.    Plaintiff's property will continue to sustain direct physical loss or damage covered by the Aspen policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

17.    Plaintiff's property cannot be used for its intended purposes.

18.    As a result of the above, Plaintiff has experienced and will experience loss covered by the Aspen policy or policies.

19.    Upon information and belief, Aspen denied coverage for other similarly situated policyholders.

## V.    CLASS ACTION ALLEGATIONS

20.    This matter is brought by Plaintiff on behalf of himself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

21.    The Classes that Plaintiff seek to represent are defined at this time as:

A.    ***Practice Income Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Practice Income coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Practice Income claim was denied by Aspen.

B.    ***Practice Income Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Practice Income coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

C.      ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim was denied by Aspen.

D.      ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

E.      ***Extended Practice Income Breach of Contract Class***:  All persons and entities in the United States insured under an Aspen policy with Extended Practice Income coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Practice Income claim was denied by Aspen.

F.      ***Extended Practice Income Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Extended Practice Income coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

G.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Civil Authority coverage who suffered

COMPLAINT—CLASS ACTION - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

a suspension of their practice at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim was denied by Aspen.

H.    *Civil Authority Declaratory Relief Class:* All persons and entities in the United States insured under an Aspen policy with Civil Authority coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

22.    Excluded from the Class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff Marler reserves the right to amend the Class definition based on information obtained in discovery.

23.    This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

24.    **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that the proposed Class contains thousands of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

25.    **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.    Whether the class members suffered covered losses based on common policies issued to members of the Class;

COMPLAINT—CLASS ACTION - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

B.      Whether Aspen acted in a manner common to the class and wrongfully denied claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.      Whether Practice Income coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.      Whether Extra Expense coverage in Aspen's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.      Whether Extended Practice Income coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

F.      Whether Civil Authority coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.      Whether Aspen has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H.      Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

COMPLAINT—CLASS ACTION - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

I.      Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

26.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

27.     **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor his attorneys have any interests contrary to or in conflict with the Class.

28.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought be Plaintiff could also impair the ability of absent class members to protect their interests.

29.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

COMPLAINT—CLASS ACTION - 8

30.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.     CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Practice Income Coverage Declaratory Relief Class, Extra Expense Declaratory Relief Class, Extended Practice Income Declaratory Relief Class, and Civil Authority Relief Class)*

31.     Previous paragraphs alleged are incorporated herein.

32.     This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

33.     Plaintiff Marler brings this cause of action on behalf of the Practice Income Coverage Declaratory Relief Class, Extra Expense Declaratory Relief Class, Extended Practice Income Declaratory Relief Class, and Civil Authority Declaratory Relief Class.

34.     Plaintiff Marler seeks a declaratory judgment declaring that Plaintiff Marler's and class members' losses and expenses resulting from the interruption of their business are covered by the Policy.

COMPLAINT—CLASS ACTION - 9

35.     Plaintiff Marler seeks a declaratory judgment declaring that Aspen is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

***(Brought on behalf of the Practice Income Coverage Breach of Contract Class, Extra Expense Breach of Contract Class, Extended Practice Income Breach of Contract Class, and Civil Authority Breach of Contract Class)***

36.     Previous paragraphs alleged are incorporated herein.

37.     Plaintiff Marler brings this cause of action on behalf of the Practice Income Coverage Breach of Contract Class, Extra Expense Breach of Contract Class, Extended Practice Income Breach of Contract Class, and Civil Authority Breach of Contract Class.

38.     The Policy is a contract under which Plaintiff Marler and the class paid premiums to Aspen in exchange for Aspen's promise to pay Plaintiff Marler and the class for all claims covered by the Policy.

39.     Plaintiff Marler has paid its insurance premiums.

40.     Upon information and belief, Aspen denied coverage for other similarly situated policyholders.

41.     Denying coverage for the claim is a breach of the insurance contract.

42.     Plaintiff Marler is harmed by the breach of the insurance contract by Aspen.

### VII.    PRAYER FOR RELIEF

1.     A declaratory judgment that the policy or policies cover the plaintiff's losses and expenses resulting from the interruption of the plaintiff's business by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

COMPLAINT—CLASS ACTION - 10

2. A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

3. Damages.

4. Pre-judgment interest at the highest allowable rate.

5. Reasonable attorney fees and costs.

6. Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

//

//

//

//

//

//

//

//

//

//

//

//

//

COMPLAINT—CLASS ACTION - 11

DATED this 22nd day of April, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Ian S. Birk*
By: *s/ Lynn L. Sarko*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Amy Williams Derry*
By: *s/Maureen Falecki*
    Ian S. Birk, WSBA #31431
    Lynn L. Sarko, WSBA #16569
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Amy Williams Derry, WSBA #28711
    Maureen Falecki, WSBA#18569
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: ibirk@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: awilliams-derry@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com

By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

    ***Attorneys for Plaintiff***

4832-9377-7338, v. 1

COMPLAINT—CLASS ACTION - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384